J-S20039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAIME LYNNE DOUGLAS :
:
Appellant : No. 1221 MDA 2023

Appeal from the Judgment of Sentence Entered August 1, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000636-2022

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 03, 2024**

Appellant, Jaime Lynne Douglas, appeals from the August 1, 2023, judgment of sentence entered in the Court of Common Pleas of Bradford County following her open guilty to one count of driving while under the influence ("DUI")-high rate of alcohol-3rd offense, 75 Pa.C.S.A. § 3802(b). Appellant's counsel has filed a petition seeking to withdraw his representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief"). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: On November 17, 2022, the Commonwealth filed an Information charging Appellant with seven offenses: DUI-high rate of alcohol-3rd offense, DUI-general impairment-1st offense, careless driving, driving while blood alcohol content ("BAC") .02% or greater while license suspended, disregard of traffic lane, DUI-controlled substance-combination alcohol/drugs-1st offense, and DUI-controlled substance-metabolite-1st offense.[1]

On March 27, 2023, Appellant, who was represented by counsel, proceeded to a guilty plea hearing. During the hearing, the Commonwealth confirmed the parties negotiated a plea agreement whereby Appellant would enter a guilty plea to the sole charge of DUI-high rate of alcohol-3rd offense, and, in exchange, the Commonwealth would seek dismissal of the remaining charges at the sentencing hearing. N.T., 3/27/23, at 1. The Commonwealth confirmed Appellant was entering an open plea, and the Commonwealth would not object to Appellant receiving credit for inpatient treatment. *Id.*

Defense counsel noted the facts underlying Appellant's plea included that she was driving on July 3, 2022, in Ulster Township, Bradford County, Pennsylvania, and she was involved in a motor vehicle accident. *Id.* at 3. Appellant was removed from the accident scene via ambulance, and blood test results revealed her BAC was greater than .1% and less than .16%. *Id.* at 4.

---

[1] 75 Pa.C.S.A. §§ 3802(b), 3802(a)(1), 3714(a), 1543(b)(1.1)(i), 3309(1), 3802(d)(3), and 3802(d)(1)(iii), respectively.

At the time of the accident, Appellant was on parole for a prior 2021 DUI conviction,[2] and a little less than ten years ago, she was convicted of a different DUI violation for which she was admitted to the Accelerated Rehabilitative Disposition ("ARD") program. *Id.*

The trial court conducted an oral colloquy to confirm Appellant understood her waiver of rights, as well as understood the elements of the offense to which she was pleading guilty. *Id.* at 2-4. The trial court informed Appellant that she could be sentenced to a maximum of five years in prison. *Id.* at 4. The trial court concluded Appellant's guilty plea was knowingly and voluntarily entered, and the trial court deferred sentencing for the preparation of a presentence investigation report.

On April 27, 2023, Appellant proceeded to a sentencing hearing. The Commonwealth informed the trial court that Appellant had a prior record score of two, and the Commonwealth noted the offense had an offense gravity score of five. N.T., 4/27/23, at 1-2. The Commonwealth set forth the applicable sentencing guideline ranges, and the trial court specifically acknowledged that it reviewed a presentence investigation report. *Id.* at 2. The trial court provided Appellant with an opportunity to make a statement to the court. *Id.* Appellant declined to do so; however, defense counsel noted that Appellant "has been involved in rehab…intensive outpatient treatment." *Id.* Moreover,

_____

[2] As a result of the instant offense, the trial court revoked Appellant's parole as it relates to her prior 2021 DUI conviction.

defense counsel requested the trial court impose the minimum available sentence. *Id.*

The trial court stated the following on the record:

I'll just review the presentence investigation [report]. [Appellant] is forty-nine (49) years of age. This is her third driving under the influence in ten years. She does have a 2003 theft by unlawful taking in Sullivan County, Pennsylvania, [and] she was sentenced to eighteen (18) months' probation. [She had a] [s]ummary harassment in Wysox, [Pennsylvania,] in 2011, [and] she was sentenced to fines and costs. She had [in] 2012 [a] driving under the influence [charge], and she was placed on the ARD program, and then in 2021, [she had] the one that her parole was just revoked on. She was sentenced to seventy-two (72) hours to six (6) months [in prison]. She lists her adult children and her husband as her immediate family members. She [has] lived in Troy, New Albany, Rome, and Towanda. She completed the tenth grade. She does not have a GED. She does list some various general health conditions. She's on a variety of different medications for anxiety and depression, sleep medication, Zoloft, and blood pressure medication. She denies any illegal drug use. However, she does state she has a medical marijuana card for anxiety and depression. She reports that she drinks occasionally and does not feel she has a problem with alcohol. She claims she last consumed alcohol on July 3, 2022, when she was arrested. She claims she is currently attending Northern Tier Counseling group sessions and individual sessions. She self-reports [that] she's diagnosed with anxiety and depression. She's currently unemployed. In the past, she's had previous employments [for] long periods of time. Mostly, [she has been a] bartender [and] cook[,] but she was fired due to rule violations.

*Id.* at 3-4.

The trial court sentenced Appellant to twelve months to sixty months in prison. The trial court indicated it would recommend the state drug treatment program. The trial court dismissed the remaining charges. In imposing sentence, the trial court specifically noted:

- 4 -

I will incorporate the presentence investigation [report] in the court's reasons for sentencing. [The] [s]entence does fall within [the] standard range of the sentencing guidelines. It's [Appellant's] third driving under the influence [conviction] in ten years. [The] first one [was] when she was on the ARD program, [and] she did complete that program but required several extensions to complete the conditions of that. [T]hen in December of 2021, she was sentenced to the second driving under the influence, seventy-two hours to six months [in prison]. [A] petition to revoke that parole was filed about six months later in June of 2022 [because] she had not completed any of her conditions[.] The hearing was rescheduled for July [and] continued to September. [A] second petition to revoke was filed in September due to the new arrest. [T]his offense occurred on July 3, 2022, so approximately one year after that prior driving under the influence. She told the probation officer she doesn't think she has a problem with alcohol, but I think this history tells us she has a severe alcohol problem. You don't have to be drinking every day to have an alcohol problem. Three [drinks] put you in the category in my opinion. So, I think we've [kind of] exhausted our efforts here in Bradford County in attempting to help [Appellant] with her rehabilitation efforts [with] ARD and then [parole], and here we are again….After considering all [the] factors that go into sentencing, the facts and circumstances surrounding [Appellant] and the underlying offense, the trial court finds that a sentence of total confinement is appropriate.

*Id.* at 5-6.

On May 5, 2023, Appellant filed a timely post-sentence motion seeking the reconsideration of her sentence. Specifically, Appellant contended the prior record score utilized by the trial court was incorrect, and, in fact, her prior record score was one as opposed to two. Accordingly, she alleged her sentence was excessive due to the miscalculation of her prior record score. Appellant also alleged the trial court failed to consider her alcoholism as a mitigating factor. She further suggested the trial court did not consider her rehabilitative needs due to her alcoholism.

- 5 -

The trial court held a hearing on August 1, 2023, at which defense counsel acknowledged that Appellant "committed what is legally her third DUI [offense] while she was on parole for her first DUI [offense]." N.T., 8/1/23, at 8. Defense counsel acknowledged the instant DUI conviction was Appellant's third DUI conviction in ten years. *Id.* at 9. However, because she was given ARD for one of the convictions, her prior record score is a one. *Id.* The trial court agreed and acknowledged the proper sentencing guidelines. *Id.* at 2.

Appellant called Meleney Wolf, a drug and alcohol counselor for Northern Tier Counseling, to offer testimony about Appellant's participation in the intensive outpatient program. *Id.* at 3. Ms. Wolf noted Appellant's intake for Northern Tier Counseling occurred on July 26, 2022. *Id.* at 4. From July 27, 2022, until April 27, 2023, when Appellant was reincarcerated, she attended three group sessions per week, and each group session lasted three hours. *Id.* Appellant also participated in one hour of individual drug and alcohol counseling per week. *Id.* Ms. Wolf indicated that Appellant's attendance "was really good." *Id.* Appellant participated and "tried her hardest." *Id.*

Appellant exercised her right of allocution. She testified she would like to participate in the state drug treatment program while she is in prison. *Id.* at 6. However, after she applied, she was denied on the basis she did not have "enough offenses" to qualify. *Id.* She noted the last time she imbibed alcohol was on July 3, 2022, when she was in a motor vehicle accident and

- 6 -

charged with the instant offenses. *Id.* She noted that, after she is released from prison, she plans to continue alcohol counseling at Northern Tier Counseling, and she would like to receive mental health treatment as well. *Id.* She noted that, if the trial court preferred that she receive inpatient counseling, she would be willing to do so. *Id.* at 7.

Defense counsel indicated that Appellant has taken advantage of the local county treatment resources, and she has not had any alcohol since the July 3, 2022, accident. *Id.* at 9. He noted the state drug treatment program deems Appellant ineligible for the program because she is "a low-risk offender," which the trial court should consider. *Id.* at 10.

The Commonwealth indicated:

We can see that Probation has indicated that they made [a] mistake on the guidelines [form]. As noted, though, the sentence [previously imposed] by the trial court is still within the standard range [of the correct sentencing guidelines,] and [Appellant] did have some other criminal offenses. She got the benefit of having two first offenses[.]

*Id.*

The trial court noted that, given the difference between the sentencing guidelines originally considered by the trial court and the correct sentencing guidelines, the trial court was going to "modify the sentence slightly." *Id.* Accordingly, the trial court granted Appellant's post-sentence motion to modify the sentence and imposed a new sentence of ten months to sixty months in prison. The trial court noted:

Everything else will remain the same. [The] reasons for that [is] I'm looking at the transcript, and the reasons from the initial sentencing, and my reasoning still remains. This is her third driving under the influence offense in ten years. She didn't apply for Treatment Court to begin with. Had she done that regardless of…the denial, perhaps, the [trial] court would have considered that. The first DUI she was on the ARD program, and she did complete that program but there were several extensions to complete that. Then, in December, she was sentenced for her second driving under the influence to the seventy-two hours to six months [in prison]. That was December of 2021. The [instant] offense occurred in July of 2022. There was a petition to revoke her parole filed on that second driving under the influence [because] she had not completed any of her conditions. [The] hearing was scheduled, but it was continued to July. Of course, she then had her third driving under the influence charge, and then of course, her [revocation] hearing was continued, and we did all of the sentencing at one hearing on these. As part of the presentence investigation, she told the Probation Officer that she didn't [have] a problem with alcohol. Obviously, the history tells us that she does have a problem with alcohol. I think she has had a graduated response. [Appellant] was given the ARD program, [and] she was [then sentenced for her next DUI conviction to] seventy-two hours to six months [in prison]. Simple conditions, [but] she failed to complete any of them [when she was paroled]. And, then, while she was still on that parole, she committed a third DUI, so I concluded back in April that Bradford County has exhausted their efforts here in attempting to help her in her rehabilitation efforts. That's why the sentence [is] what the sentence [is]. So, I [find] that it was appropriate for a period of total incarceration in a State Correctional Facility.

*Id.* at 11-12.

Thus, by order entered on August 1, 2023, the trial court granted Appellant's motion for reconsideration and sentenced Appellant to ten months to sixty months in prison with all other aspects of the previous sentencing order to remain in effect. This timely, counseled appeal followed, and all Pa.R.A.P. 1925(b) requirements have been met. On April 2, 2024, Appellant's

court-appointed counsel filed a petition to withdraw his representation along with an *Anders* brief. Appellant filed no further submissions either *pro se* or through privately retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra*, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal;

- 9 -

(2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with the ***Anders*** requirements is sufficient. ***See id.***

Herein, counsel filed a petition to withdraw as counsel and an ***Anders*** brief. His brief and petition substantially comply with the technical requirements of ***Anders*** and ***Santiago***. Moreover, counsel has provided this Court with a copy of the letter, which he sent to Appellant advising her of her right to retain new counsel, proceed further with her case *pro* se, and raise any points that she deems worthy of this Court's attention. ***See Commonwealth v. Millisock***, 873 A.2d 748 (Pa.Super. 2005). Therefore, we proceed to examine the issue counsel identified in the ***Anders*** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

In the ***Anders*** brief, counsel sets forth the following issue: "Did the trial court abuse its discretion in imposing a sentence at the high end of the standard range?" ***Anders*** Brief at 4. Appellant specifically avers the trial court imposed an unduly excessive sentence without consideration of her alcoholism as a mitigating factor. She also suggests the trial court failed to consider her rehabilitative needs as it relates to her alcoholism.

Appellant's issue presents a challenge to the discretionary aspects of her sentence. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa.Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [her] issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa.Super. 2011) (citation omitted). Here, assuming, *arguendo*, all of these requirements have been met, we conclude Appellant's sentencing issue is meritless.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa.Super. 2005).

42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the

- 11 -

offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Furthermore,

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S.A. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

*Commonwealth v. Bricker*, 41 A.3d 872, 875-76 (Pa.Super. 2012) (citations omitted).

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where presentence reports exist, we shall…presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (quotation marks and quotation omitted).

- 12 -

As it pertains to Appellant's claim the trial court did not consider all relevant mitigating factors, including her history of alcoholism, the trial court relevantly indicated the following:

> [A] presentence investigation report was available and reviewed thoroughly by the [trial] court. Appellant's sentence was in the standard range of the sentencing guidelines. The mitigation evidence Appellant claims the trial court did not consider of attending intensive outpatient counseling [for alcoholism] was set forth in the presentence investigation report. [Defense counsel] advised the [trial] court of the same as well.

Trial Court Opinion, filed 11/30/23, at 2 (citations to record omitted).

Here, as is evident, the trial court considered the presentence investigation report, which included evidence of Appellant's history of alcoholism. **Antidormi**, **supra** (holding where the trial court had the benefit of a presentence investigation report we presume the trial court considered and weighed all the mitigating factors, along with the defendant's character). Moreover, we note that, despite Appellant reporting to her probation officer that she "didn't [have] a problem with alcohol[,]" the trial court specifically found the "history tells us that she does have a problem with alcohol." N.T., 8/1/23, at 12. Thus, we find no merit to Appellant's claim the trial court did not consider her history of alcoholism.

As it pertains to Appellant's claim the trial court did not consider her rehabilitative needs as it relates to her alcoholism, we note the trial court specifically stated the following on the record during sentencing:

> [Appellant] was given the ARD program, [and] she was [then sentenced for her next DUI conviction to] seventy-two hours

- 13 -

to six months [in prison]. Simple conditions, [but] she failed to complete any of them [when she was paroled]. And, then, while she was still on parole, she committed a third DUI, so I conclude…that Bradford County has exhausted their efforts here in attempting to help her in her rehabilitation efforts. That's why the sentence [is] what the sentence [is]. So, I [find] that it was appropriate for a period of total incarceration in a State Correctional Facility.

*Id.*

Based on the aforementioned, we conclude the trial court considered Appellant's rehabilitative needs and imposed an individualized sentence in the standard range of the sentencing guidelines. Based on the circumstances of the case, the sentence was not "clearly unreasonable." 42 Pa.C.S.A. § 9781(c). Accordingly, we find no merit to Appellant's claim.

After examining the issues contained in the **Anders** brief, we agree with counsel that the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/03/2024